IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD MARTIN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-16-1731 |
| HOWARD J. WALSH, III, | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM OPINION**

Richard Martin ("Martin"), a resident of Boston, Massachusetts, has filed a second personal injury action against privately retained counsel who represented him following his December 26, 2008 arrest in Montgomery County, Maryland.[1] Martin, who is self-represented, filed this Complaint on May 31, 2016, alleging defamation. ECF No. 1. He will be granted leave to proceed in forma pauperis because the financial affidavit accompanying his Complaint indicates that he has no source of income. ECF No. 2. For reasons noted herein, his case will be dismissed.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing

---

[1] Martin's first lawsuit, *Martin v. Walsh*, Civil Action No. GJH-15-2302 (D. Md.), was dismissed upon initial review. *Id.,* Mem. and Order, ECF Nos. 4 and 5. An appeal remains pending. *Id.,* ECF No. 10.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . .  It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).  Thus, this Court is obligated to examine the tort claims outlined in the Complaint.

This lawsuit is not the first action initiated by Martin against Attorney Howard J. Walsh, III.  Pleadings filed in Martin's earlier lawsuit demonstrate that Martin was represented by Walsh, and pleaded guilty to harassment and a fourth-degree burglary, for which he was sentenced to six months of incarceration.[2]  *See Martin v. Walsh,* ECF No. GJH-15-2302, ECF No. 1 at 7 ("Walsh I").  In Walsh I, Martin blamed Walsh for his conviction and all "offensive contacts that [he] endured" from the time of arrest until release from detention",[3] and alleged that Walsh was responsible for torts, including assault, battery, defamation, false imprisonment, intentional infliction of emotional distress, and negligence. *Id.* at 15-16.  He sought $10 million in damages and Walsh's disbarment. *Id.* at 17.

Martin's instant lawsuit is premised on a claim that Walsh defamed him by referencing Martin's previous hospitalization for psychiatric evaluation when defending his representation of

---

[2] In Walsh I, Martin noted that after four months of incarceration he was released. His probation ended in 2014. *Martin v. Walsh*, Civil Action No. GJH-15-2302, ECF No. 1 at 7.  The case is not listed on Maryland's electronic docket.  Exhibits provided with that Complaint suggest the case of *State of Maryland v. Richard Martin*, Case No. 112136, prosecuted in the Circuit Court for Montgomery County, Maryland, arose when a local dentist, Kim Hoa Lam, complained that Martin was stalking her. *Id.,* ECF No. 1-15; *see also* Indictment, ECF No. 1-14.

[3] In Walsh I, Martin indicated his DNA was collected, presumably for inclusion in a criminal database.

Martin in correspondence to the Maryland Attorney Grievance Commission dated April 1, 2015. ECF No. 1 at 3-4.  Martin seeks $100,000,000 in compensatory and punitive damages.

Martin claims Walsh defamed him while defending against Martin's allegations of professional misconduct filed with the Maryland Attorney Grievance Commission.  Maryland's one-year statute of limitations for defamation applies to this case.  *See* Md. Code Ann., Cts. & Jud. Proc., § 5-105.  The letter which Martin claims constitutes defamation was dated April 1, 2015.  The instant Complaint was filed on May 31, 2016, nearly two months after the one-year limitations period expired.  Liberal construction of the Complaint does not save Martin's lawsuit, as his defamation claim against Walsh is time-barred.

Title 28 U.S.C. §1915(e)(2) obligates federal courts to dismiss cases at *any time* if the action is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  For the reasons stated, the case is subject to dismissal.  Martin's request to file electronic pleadings (ECF No. 3) shall be denied as moot.  A separate Order follows.

_____/s/_____
PETER J. MESSITTE
June 3, 2016              UNITED STATES DISTRICT JUDGE